CHARLES B. GILL, SR.

                Plaintiff,

v.                                                                   Case No. 20-cv-974-pp

JACKIE GUTHRIE FSA,
NATALIE BLANKE CFSL,
JODY MARCEAU CFSL,
and OFFICER BENIKE Corr. Officer,

                Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 14).**

      Plaintiff Charles B. Gill, Sr., representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 by interfering with his free exercise of religion in violation of the First Amendment. Dkt. No. 1. Three months after he filed his complaint, the plaintiff filed documents that the court construed as a request for the court to issue a preliminary injunction, dkt. nos. 10, 10-1, and 10-2, and a letter asking the court to compel the prison to give the plaintiff his documents and copies, dkt. no. 11. The court screened the complaint and addressed these documents on November 3, 2020. Dkt. No. 13. The court gave the plaintiff the opportunity to amend his complaint, in the event he wanted to add a claim he referenced in the documents but had not made in the original complaint. <u>Id.</u> at 17. The plaintiff now has filed the amended complaint, which the court screens in this order.

## I. The Court's Original Screening Order

In its November 3, 2020 screening order, the court dismissed the Wisconsin Department of Corrections because it is not a person, nor is it a separate legal entity that can be sued under §1983. Id. at 8 (citing Louis v. Milwaukee Cty. Jail., No. 17-cv-113-wed-pp, 2017 WL 3037567 at *2 (E.D. Wis. July 18, 2017 and Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 N.D. Ill. 1993)). The court also dismissed Secretary of the Department of Corrections, Kevin Carr, because the plaintiff did not allege that Carr had any personal involvement in the events that gave rise to his First Amendment free exercise claim. Id. at 9. The court did not allow the plaintiff to proceed on a First Amendment free exercise claim against Jackie Guthrie and Officer Benike because the plaintiff had not alleged that they knew about or were involved in the May 22, 2020 incident during which the plaintiff was forced handle and cook ham contrary to his religious beliefs on. Id. at 12-13.

The court allowed the plaintiff to proceed on a First Amendment free exercise claim and a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Natalie Blanke because he alleged that she ordered him to prepare ham on May 22, 2020 despite knowing that he was not to handle pork because of his religious beliefs. Id. at 11. The court also allowed him to proceed on a First Amendment free exercise claim and RLUPIA claim against Jody Marceau under a theory of supervisor liability because the plaintiff implied that Marceau had a responsibility to prevent Blanke from

2

ordering the plaintiff to cook the ham. Id. at 12. The court noted that if, as the case progressed, it became clear that Marceau was not Blanke's supervisor, the claim against Marceau could be subject to dismissal. Id.

The court also addressed the three documents the court had received from the plaintiff some three months after he filed the original complaint. One document was styled as a court order and titled "Order to Show Cause for a Preliminary Injunction." Dkt. No. 10-2. The second document was a memorandum of law in which the plaintiff stated that after he filed his lawsuit, Officer Benike and Jackie Guthrie retaliated against him. Dkt. No. 10-1. The third document was the plaintiff's declaration, asserting that Benike falsified a conduct report in retaliation and Guthrie terminated him from his kitchen job in retaliation. Dkt. No. 10. On September 14, 2020, the plaintiff also had filed a supplement to these documents, detailing the events leading to the allegedly false conduct report that Benike allegedly issued in retaliation for the plaintiff taking extra cheese from the kitchen. Dkt. No. 12.

The court construed these documents as a motion for a preliminary injunction and denied the motion because the plaintiff had not demonstrated that absent injunctive relief he would suffer irreparable harm or that he had no adequate remedy at law. Dkt. No. 13 at 16-17. The court acknowledged that the plaintiff had not yet sued Benike and Guthrie for retaliation and gave the plaintiff an opportunity to amend his complaint to add the retaliation claims. Id. at 17. The court specified that in any amended complaint, the plaintiff

3

"must state all the facts relating to his free exercise/RLUPIA claims *and* his retaliation claims." Id. The court also stated that if the plaintiff "prefers to proceed on the free exercise/RLUPIA claims against Blanke and Marceau and does not wish to add retaliation claims against Benike and Guthrie, he does not need to do anything, and the court will require the complaint to be served on Blanke and Marceau only." Id. at 18.

On November 17, 2020, the court received an amended complaint. Dkt. No. 14.

## II. Screening the Amendment Complaint

### A. Federal Screening Standard

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include

4

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Allegations in the Amended Complaint

The amended complaint is substantially similar to the plaintiff's original complaint. There are only three significant differences between the two documents—otherwise, they are identical. First, the amended complaint no longer names the Wisconsin Department of Corrections or Kevin Carr as

5

defendants. Dkt. No. 14 at 1, 2. Second, regarding the allegations against defendant Marceau, the plaintiff replaced the allegation that Marceau "did not correct Defendant Blanke's actions, nor did she help plaintiff Gill," dkt. no. 1 at ¶ 22, with "she did at times instruct Gill to actually pull the ham out of the oven and take the temperature when Blanke was doing other things and couldn't watch the cooking being done." Dkt. No. 14 at ¶ 20. In other words, the plaintiff now alleges that Marceau knew that on May 21, 2020, the plaintiff was not supposed to handle or cook the pork because of his religious beliefs, and despite that knowledge, she instructed him handle and cook ham the next day. Id. Third, the plaintiff changed his damages demand from $300,000 in compensatory damages and $300,000 in punitive damages in the original complaint to $1,750,000 in compensatory damages and $1,750,000 in punitive damages in the amended complaint. Id. at ¶¶39-40.

Despite the fact that the reason the court allowed the plaintiff to file an amended complaint was so that he could add retaliation claims against Benike or Guthrie if he so chose, the amended complaint makes no allegations of retaliation against either of those defendants.

C. Analysis

Because the amended complaint is substantially identical to the original complaint, most of the court's analysis from its November 3, 2020 order screening the original complaint stands. The plaintiff still has not stated a First Amendment free exercise against Benike and Guthrie and cannot proceed on

6

these claims against them. Because he did not amend the complaint to include the retaliation claims from his preliminary injunction, the plaintiff has stated no claims against them and the court dismisses them from the case.

The plaintiff still may proceed on a First Amendment free exercise claim and RLUPIA claim against Blanke because the allegations in the amended complaint are identical to the allegations in the original complaint as to Blanke. The only substantial change in the amended complaint relates to Marceau. In the amended complaint, the plaintiff implies that Marceau knew on May 21, 2020 that he was not supposed to handle pork because of his religious beliefs. Dkt. No. 14 at ¶ 20. He alleges that the next day, despite this knowledge, Marceau still made him handle and cook pork. Given these allegations, the plaintiff may proceed on a First Amendment free exercise claim and a RLUPIA directly against Marceau (rather than under a theory of supervisor liability), because the amended complaint alleges that Marceau "caused or participated in a constitutional violation." Hildebrant v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)).

### III. Miscellaneous Issues

Although the court gave the plaintiff a deadline of December 18, 2020 by which to file the amended complaint (a deadline he beat by one day), and although the court has not yet ordered service of any pleading on the defendants or required them to answer, on December 28, 2020, the court

7

received from defendants Blanke and Marceau an answer to the *original* complaint. Dkt. No. 19. That answer likely will need to be amended, at least as to Marceau, given this order.

On December 14, 2020, the court received a letter from the plaintiff. Dkt. No. 18. The plaintiff notified the court that on December 1, 2020, he had received a notice of appearance from counsel for defendants Blanke and Marceau, indicating that the plaintiff should serve any discovery requests on counsel. Id. The plaintiff stated, "[e]ven though your Honor has yet to order a scheduling order, I am sending Assistant Attorney General Paulson my request for Discovery as soon as the staff here at DACC gets a chance to print it out for me. God willing it will by before the 18th, of December 2020." Id.

If the parties will forgive the colloquialism, everybody needs to cool their jets. The defendants should have waited until the court ordered the complaint served on them and instructed them to answer, to avoid having to amend their answer. The plaintiff must not serve discovery demands until the court issues the scheduling order giving him leave to do so. The defendants' lawyers sent him that notice, not as an invitation to jump the gun and start the discovery process early, but simply to let the plaintiff know where he should send the discovery demands once the court issued the scheduling order.

### III. Conclusion

The court **DISMISSES** Jackie Guthrie FSA and Officer Benike as defendants.

8

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the amended complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Natalie Blanke and Jody Marceau. Under the informal service agreement, the court **ORDERS** Natalie Blanke and Jody Marceau to file a responsive pleading to the *amended* complaint within 60 days.

The court **ORDERS** that the parties *may not* begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

9

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 6th day of January, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER
Chief United States District Judge**