UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES B. GILL, SR.,

                Plaintiff,

v.                                                          Case No. 20-cv-974-pp

NATALIE BLANKE,
and JODY MARCEAU,

                Defendants,

---

**ORDER DENYING AS UNNECESSARY PLAINTIFF'S MOTION TO COMPEL
(DKT. NO. 25)**

---

Plaintiff Charles B. Gill, Sr. is proceeding on claims under the First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") against two defendants. Dkt. No. 20. The plaintiff has asked for an order compelling the defendants to produce a video for his review. Dkt. No. 25.

The plaintiff alleges that he sent counsel for the defendants a written request for video from Kettle Moraine Correctional Institution (where the underlying events occurred) taken on May 22, 2020, from 12:30pm to 3:30pm. Id. at 1. He says the defendants did not provide him the video but instead told him to "refer to the video dated May 22, 2020 produced at Bates DOC-001 by making a written request to Denae Abhold, Litigation Coordinator at Kettle Moraine Correctional Institution to schedule time to review the video." Id. The plaintiff attached a letter he sent to defense counsel complaining that defense counsel had known for a while that he was no longer at Kettle Moraine and that he had been transferred to the Drug Abuse Correctional Center. Id. at 2. He explained that he could not travel to Kettle Moraine, so he had no way to view the video. id. at 2. He also alleged a conflict of interest because Denae Abhold, the person whom the defendants told the plaintiff to contact to view

1

the video, previously held the same position at Kettle Moraine as the defendants in this lawsuit. Id. The plaintiff expressed concern that Abhold may have "tampered with or altered" the video to "cover for her friend/fellow colleague." Id. at 3. The plaintiff asked counsel to "assure [him] and the court that the video is the one and the same video that [he] watched . . . on June 1, 2020." Id. He said that if counsel could grant him that assurance, he "will not argue it anymore." Id.

The defendants responded, conceding that they mistakenly sent the requested video to Kettle Moraine instead of the Drug Abuse Correctional Center. Dkt. No. 32. The defendants explained that once the plaintiff notified them of the mistake, they sent the video to DACC so the plaintiff could view it. Id. The defendants also assured the plaintiff that "the video was not tampered with." Id. Defense counsel filed an accompanying declaration swearing that the defendants have corrected the error and that no one tampered with the video sent to DACC for the plaintiff to view. Dkt. No. 33 at ¶¶3–5.

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Under Rule 37, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Like its federal counterpart, the court's Civil Local Rule 37 requires that "[a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts to informally resolve the dispute failed. Civil L.R. 37 (E.D. Wis.). That certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Id. These rules exist because parties are often able to reach an agreement before

2

involving the court, which saves both the parties and the court time and resources.

The plaintiff's motion did not include a certification that he attempted to resolve this issue informally with the defendants before seeking the court's involvement. But he attached a letter he sent to defense counsel expressing his concerns about the video. Counsel concedes the video was sent to Kettle Moraine in error and swears that the defendants have since provided the video to the plaintiff. Counsel also assures the plaintiff the video is genuine and that no one has tampered with it. The plaintiff did not submit a reply brief contesting counsel's declaration or the contents of the video.

The court finds that the parties have resolved this issue on their own. The court therefore **DENIES** the plaintiff's motion to compel because it is no longer necessary. Dkt. No. 25. The court encourages the parties to work together in the future to resolve discovery issues before requesting the court's involvement.

Dated in Milwaukee, Wisconsin this 13th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**